Filed 3/22/21  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077988 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS274613) |
| JESSE LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, Jesse Lopez pleaded guilty to voluntary manslaughter as a lesser included offense of murder (Pen. Code,[1] § 192, subd. (a)).  Lopez admitted he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)).  The remaining charges and allegations were dismissed

---

[1]     All further statutory references are to the Penal Code.

as part of a plea agreement. Lopez was sentenced to a determinate term of nine years in prison.

In August 2019, Lopez filed a petition for resentencing under section 1170.95 alleging he had been convicted of either first or second degree murder and could not now be convicted in light of the changes in the definitions of malice contained in Senate Bill No. 1437.

The trial court appointed counsel and received briefing from both the defense and prosecution. After reviewing the briefs and the record, the court denied the petition for resentencing noting convictions for manslaughter are not eligible for relief under section 1170.95.

Lopez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandate by *Wende.* We offered Lopez the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

---

[2] This appeal raises only potential issues of law. The conviction was by guilty plea to manslaughter. The facts introduced at the preliminary hearing are not helpful to a *Wende* review of this case. Thus, we have omitted a statement of facts.

has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether Lopez's pro. per. petition stated prima facie showing of eligibility such that the trial court erred in summary denial without further statutory proceedings; and

2. Whether Lopez's conviction for voluntary manslaughter made him not eligible for relief under section 1170.95.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Lopez on this appeal.

DISPOSITION

The order denying Lopez's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.